Louise M. Heschke, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 14, 1979, before Judges CRUM-LISH, JR., WILKINSON, JR. and CRAIG, sitting as a panel of three.

*John R. Pellick,* with him *Howard L. Rubenfield,* for petitioner.

*Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., October 29, 1979:

Louise M. Heschke's refusal to participate in an alcohol treatment program was grounds for the Department of Public Welfare's (DPW) denial of general and medical assistance, citing Pennsylvania Public Assistance Eligibility Manual §165.23(d), 55 Pa. Code §165.23(d):

> (d) *Persons exempt due to incapacity because of drug or alcohol addiction.* The person who is unable to work or participate in

work or training because of alcohol or drug abuse or dependency shall, as a condition of eligibility for himself only, accept available treatment and rehabilitation services.

Heschke argues that this provision violates her constitutional right to due process in that it is unduly vague, contending that the regulation lacks guidelines to assist DPW in making three essential determinations: (1) whether a particular individual suffers from an alcohol problem, (2) if an alcohol problem does exist, whether the person's need for assistance is based upon that problem; and (3) what constitutes an appropriate program for persons determined to be suffering from an alcohol problem.

We have reviewed the record. We cannot agree that Heschke has met the heavy burden upon one challenging constitutionality. The law presumes that a statute, or regulation enacted under the dictates of a statute, is constitutional and will be upheld unless it clearly, palpably and plainly violates the constitution. *See Gilman v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 630, 369 A.2d 895 (1977). DPW regulations put upon the County Board of Assistance (CBA) the responsibility to refer any client about whom they have obtained "substantial evidence" of alcohol abuse or dependency which contributes to an inability to work to the appropriate county administrator.[1] The CBA had substantial evidence to determine that Heschke had an alcohol problem and that it created, at least in part, her need for assistance. The hearing examiner found that Heschke herself reported that prior to moving to Pennsylvania she had been a resident of an alcoholic detox unit in New York, which facility she had left without being formally discharged by a physician.

---

[1] *See* PAEM §165.23(d) (i), 55 Pa. Code §165.23((d) (i).

She had also been on the public welfare rolls in New York. On the basis of this information, the CBA referred her to the County Administrator for Alcohol Abuse who, after a 20-30 minute interview, recommended treatment in a residential rehabilitation program. Heschke's refusal to enter such a rehabilitation facility was based on her view that she is employable and desires to spend her time seeking employment.

Heschke's alternative argument that the County Administrator failed to make a thorough evaluation of her situation utilizing all of its resources is equally without merit. The County Administrator who conducted the interview is a trained professional with a Master's Degree and five years of counselling experience. His 20-30 minute mutual interview was sufficient in time and content to conclude that this woman needed rehabilitative treatment.

Further support for DPW's action can be found in Section 9(c) of The Pennsylvania Drug and Alcohol Abuse Control Act[2]:

> (c) Persons otherwise eligible for such welfare assistance shall not be ineligible for such assistance because of drug and alcohol abuse and dependence *unless* they refuse to accept available treatment and rehabilitation services. (Emphasis added.)

In holding that the DPW properly concluded that Heschke's unemployment was due in part to her dependence on alcohol and that her failure to attempt to rehabilitate herself was sufficient grounds to discontinue benefits, it is important to remember the underlying premise of the public welfare system: a program designed to rehabilitate or maintain those persons not able to rehabilitate or maintain them-

---

[2] Act of April 14, 1972, P.L. 221, 71 P.S. §1690.109(c).

selves and is not a "hand-out" system. *Travis v. Department of Public Welfare*, 2 Pa. Commonwealth Ct. 110, 277 A.2d 171 (1971) (CRUMLISH, J., concurring). It is therefore essential that individuals who have the ability to contribute to their own rehabilitation do so in order that the limited resources of the public welfare system can be channeled to less fortunate individuals who are not able to rehabilitate themselves.

Accordingly, we

ORDER

AND Now, this 29th day of October, 1979, the order of the Department of Public Welfare dated July 10, 1978, discontinuing public assistance benefits to Louise M. Heschke is hereby affirmed.